IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

WANDA MOORE                                                          PLAINTIFF
10109 Laurent Way, Apt. 201
Louisville, Kentucky 40272

                                         Case No. 3:21-cv-50-BJB

v.

                                         Judge Benjamin Beaton

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY   DEFENDANTS
d/b/a FED LOAN SERVICING COMPANY
1200 North 7th Street
Harrisburg, Pennsylvania 17102

       SERVE:      Pennsylvania Higher Education Assistance Agency
                          d/b/a Fed Loan Servicing Company
                          Attn: Michael Peifer
                          1200 North 7th Street
                          Harrisburg, Pennsylvania 17102
                          (BY KENTUCKY SECRETARY OF STATE)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

       SERVE:      CSC-Lawyers Incorporating Service Co.
                          421 W. Main Street
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Wanda Moore, by counsel, and for her Verified Complaint against the Defendants, Pennsylvania Higher Education Assistance Agency d/b/a Fed Loan Servicing Company ("FLSC"), and Equifax Information Services, LLC ("Equifax") and states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; FLSC's false reporting to Equifax of an alleged past due authorized user account; and Defendants' failure to correct FLSC's false reporting on Plaintiff's credit reports.

### II. PARTIES

2. Plaintiff, Wanda Moore, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 10109 Laurent Way, Apt. 201, Louisville, Kentucky 40272.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, FLSC, is a Pennsylvania corporation and a student loan lender doing business in the Commonwealth of Kentucky, with its principal place of business at 1200 North 7th Street, Harrisburg, Pennsylvania 17102.

5. FLSC is a "furnisher of information" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business

Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

1. In or around August 2020, Plaintiff accessed her Equifax credit report and discovered that FLSC was reporting a current late status and default history on Plaintiff's zero balance, transferred FLSC student loan account.

9. Prior to August 2020, and upon information and belief, the United States Department of Education assigned or otherwise transferred the student loan accounts to FLSC.

12. Immediately upon discovering FLSC's false and derogatory tradeline which showed Plaintiff's student loan account with a default history, Plaintiff filed a written dispute with Equifax regarding the inaccuracy of the tradeline given the prohibition of derogatory payment history reporting of transferred loans as set forth in 20 U.S.C. §1078-6(c) and 34 C.F.R. §682.405(b)(2).

13. Despite Plaintiff's lawful request for removal or amendment of the disputed item

pursuant to the FRCA, in September 2020, FLSC and Equifax failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit report or to amend Plaintiff's credit report.

14. FLSC's and Equifax's failure to investigate Plaintiff's dispute, and their failure to maintain the accuracy of Plaintiff's credit history, has damaged Plaintiff, in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to properly investigate Plaintiff's disputes.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – FLSC

15. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

16. FLSC's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of the past due authorized user tradeline are violations of FLSC's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

17. FLSC's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which FLSC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

18. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

19. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite knowledge of the falsity of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under

15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – FLSC

22. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

23. FLSC's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of the alleged past due authorized user tradeline, despite FLSC's knowledge of the falsity of its reporting, are willful violations of FLSC's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

24. Given FLSC's knowledge of the falsity of its reporting, FLSC's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which FLSC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

25. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

26. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite Equifax's knowledge of the falsity of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

27. Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

28. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Wanda Moore, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/Emily H. Funk
Emily H. Funk
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243

Phone, (502) 443-1060  
Facsimile, (502) 873-5300  
hemmingerlawoffice@gmail.com  
*Counsel for Plaintiff*

## VERIFICATION

I, Wanda Moore, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*Wanda Moore*
Wanda Moore

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF JEFFERSON )

Subscribed, sworn to and acknowledged before me by Wanda Moore this 13th day of January, 2021.

*Rhonda Rosbottom*
Notary Public  RHONDA ROSBOTTOM

Commission expires: March 28, 2022